## AMANDA MORTON ET AL. *v.* MILTON MOORE.

[Abstract Kentucky Law Reporter, Vol. 4—717.]

### Commissioner's Sale of Real Estate.

A commissioner in selling real estate at public sale has no right to summarily adjudge a party insolvent and presumably unable to give the bond and surety, and therefore to reject the highest bid from such a bidder and accept the next highest bid.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

February 6, 1883.

OPINION BY JUDGE HARGIS:

The appellant, John H. Morton, bid $700 for the land, which was the highest bid, but the commissioner refused to accept his bid unless he would give the bond with good security required by the judgment of sale, because the commissioner knew Morton to be insolvent. Had the commissioner any power to annex such a condition to the acceptance of a bid? We think not. He was bound to accept all bids as made and knock the property off to the highest and best bidder and then if the purchaser failed to give bond and security as required by the judgment within a reasonable time it would have been the duty of the commissioner to advertise and sell the property at some future time, the derelict purchaser being sub-

ject to the process of the court for contempt. The commissioner has no right to summarily adjudge a party insolvent and presumably unable to give the bond and surety while he is crying the sale, and therefore reject or conditionally accept the bid, and unless the bond be given on the ground and before the hour of sale expires and the bidding closes, refuse the bid altogether and knock the property off to a lower bidder. Poor persons who are sensitive and entirely capable of giving bond and security for their bids within reasonable time would be driven from the arena of bidders by the trial of their solvency or insolvency in the presence of hostile bidders, by the commissioner from whose decrees they would have no present protection.

Fair competition, on equal terms to all, would be greatly disturbed by such interferences by the commissioner, and purchasers confined to those who would, upon such an abrupt demand, be able to show their ability to comply with their bids. The right to bid and have the bid accepted until it is exceeded by a higher bid does not depend upon what the commissioners may think or know about the financial condition of any of the bidders. The exercise of his judgment and discretion on that subject should be postponed to the time of accepting the bond and security offered, and then he should give the purchaser a reasonable time within which to produce the sureties and a fair opportunity to execute his bond after the sale shall have been made.

Wherefore the judgment confirming the sale is *reversed* and cause remanded for further proceedings. As to the merits of the controversy as exhibited by the old records we can not look into them unless brought before us, through the circuit court, by bill of review or suit for a new trial or to vacate or modify the judgment, this court having affirmed it, and all matters embraced by the record being *res adjudicata.*

*Wm. Lindsay, T. B. Ford, for appellants.*
*J. W. Rodman, for appellee.*