CASE 41—PETITION EQUITY—SEPTEMBER 9, 1886.

# Hughes v. Swope.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. THE COURT OF APPEALS HAS JURISDICTION where either the legal or equitable title to land is involved, however small the interest.

2. A PURCHASER AT DECRETAL SALE is at once vested with the equitable title, and is not merely a preferred bidder. Therefore, the Court of Appeals has jurisdiction of an appeal by a purchaser from a judgment setting aside the sale at which he purchased, although his bid was less than one hundred dollars.

3. TIME ALLOWED BY COMMISSIONER FOR EXECUTION OF BOND BY PURCHASER AT JUDICIAL SALE.—While it is the duty of the commissioner making a sale to allow a reasonable time to the purchaser to prepare his bond and get his sureties together for the purpose of signing it, the commissioner must, if necessary, be the judge of the length of time he will give, which will depend on the probability of the purchaser being able to make a good bond, and other circumstances.

In this case, the commissioner did not act improperly in reselling the property on the same day, upon receiving notice from the first purchaser, who was insolvent, that he could not give bond that day, the commissioner having no assurance that he would be able to comply with his promise to make a good bond on a subsequent day. The court, therefore, erred in setting aside the second sale and accepting the bond of the first purchaser, executed by him after the resale, and after the execution of bond by the second purchaser.

Hughes v. Swope.

WILFRED CARRICO FOR APPELLANT

Upon the failure of a bidder to execute bond, the commissioner may
again offer the property for sale. The bidder does not acquire any
right by his bid unless he perfects it by then and there executing
bond.

GEO. W. JOLLY FOR APPELLEE.

1. As the amount in controversy is less than one hundred dollars, and the
title to land is not involved, no appeal lies.
2. If the court, in the exercise of a sound discretion, rejects a bid, that
is the end of the matter. Therefore, unless this court can say that
the lower court has abused its discretion in rejecting appellant's bid,
the judgment must be affirmed; and before the court will reverse for
an abuse of discretion, the facts must be so strong and clear as to in-
dicate passion, prejudice or bias.

A. DUVALL ON SAME SIDE IN PETITION FOR REHEARING.

Appellee was the highest bidder; his bid was accepted and the property
"struck off" to him. He thereby became the *purchaser*, invested
with an inchoate title, which the court was bound to complete by its
order of confirmation, and could not set aside except for reasons
which would prevent a specific performance in case of a contract of
purchase between individuals. (Vance's Adm'r v. Foster & Ray, 9
Bush, 389; Morton v. Moore, MS. Op., Feb. 6, 1883.)


JUDGE BENNETT DELIVERED THE OPINION OF THE COURT

The Master Commissioner of the Daviess Circuit
Court, under a decree of that court, sold at public
outcry a lot of ground in the town of Curdsville, on
the 10th day of August, 1885, on a credit of four
months. At the time of sale the commissioner made
known the terms of sale by reading the decree publicly
to the crowd present, appellee, by his agent, G. W.
Swope, being present. Appellee, by his said agent,
bid the property off at the price of seventy-five dollars.
The commissioner then required him to make his bond,
with sufficient surety, for the price. Appellee, by his.
agent, then made known to the commissioner that he

could not make his bond that day; that he would be in the city of Owensboro on the following Wednesday, and make a good bond. The commissioner told him that if the bond was not made that day he would resell the property. He replied: "Very well; if that is the case, resell, as I could not give bond to-day." The commissioner was not told that day who the proposed surety was, nor that any arrangement had been made with any responsible party to go on the bond as surety. Appellee was insolvent. The commissioner then resold the property, and appellant, John Hughes, became the purchaser, at the price of sixty dollars. He that day gave the required bond. The commissioner reported the sale to the next term of court, together with the fact that appellant was the purchaser at the price of sixty dollars, etc.

Some eight or ten days after the sale, appellee tendered the commissioner a bond, with sufficient security, and claimed the benefit of his bid. The commissioner did not accept appellee as the purchaser, but received the bond, and reported the facts to the circuit court for its action thereon.

Appellee filed his exceptions to the commissioner's report, asking that appellant's purchase be set aside, and himself substituted as the purchaser, etc. The circuit court, upon hearing the foregoing facts, set appellant's purchase aside, and substituted appellee as the purchaser at the price of seventy-five dollars. From that ruling appellant appeals to this court.

Appellee contends that as the amount in controversy is not as much as one hundred dollars, and as appellant's purchase at the decretal sale invested him

with no equitable title to the land, he standing in the light of a mere preferred bidder until confirmation by the court, therefore this court has no jurisdiction of the case.

It is true that to give appellate jurisdiction of actions for money or personal property, or injuries to the person or property, the amount in controversy must be at least one hundred dollars.

It is also true that where either the legal or equitable title to land is involved, this court has appellate jurisdiction, however small the interest involved. It is the involvement of the title, either legal or equitable, to land that gives this court appellate jurisdiction. In other cases it is the amount, the number of dollars, involved, that determines the appellate jurisdiction of this court.

The question then is : Is the legal or equitable title to land involved in this appeal? It is said not, that appellant was only a preferred bidder, etc.

While it is, in a sense, true that the purchaser at a decretal sale is a preferred bidder until confirmation by the court, which bid may be rejected by the court for cause shown at any time before confirmation, yet it is not true that he acquires no equities by his purchase. He does acquire a vested equitable title to the land from the time of his purchase until the confirmation, and by confirmation his title becomes perfect from the date of his purchase, etc. It is upon the ground that purchasers at decretal sales are invested with the equitable title to the land purchased from the date of sale until confirmation, that any damage done the property by reason of the destruction of the

buildings upon it, or other deterioration of the property, between the time of sale and confirmation, must fall upon the purchasers.

It is true that the court has the power to set aside the sale and order another sale, but that is not an arbitrary power. The power can only be exercised by the court for cause showing such irregularities in the proceedings, or such misconduct on the part of persons interested, or officious intermeddlers, as presumably interfered with the property bringing its reasonable value. The purchaser acquires his equitable title to the property purchased at the decretal sale from the time of purchase, subject only to the right of defeasance by the court for such causes as above indicated. We, therefore, conclude that this court has jurisdiction of the appeal.

The action of the circuit court in setting aside the purchase of appellant, and substituting appellee as purchaser, was evidently not put upon the ground of any irregularity in the proceedings, or any conduct on the part of others that prevented the property bringing its reasonable value, because there is nothing in the proof warranting such a conclusion. The only conceivable ground for the action of the court is, that the commissioner should have given appellee time to make his bond. It is a sufficient answer to say that appellee was insolvent, and parties concerned would be without remedy, so far as he was concerned, for any loss or damage that they might sustain by reason of his failure to make the bond. He gave the commissioner no satisfactory assurance that he had made arrangements to make a good bond on the following Wednesday. His language expressed

no more than a hope or belief that he could give the bond on that day. While it is the duty of the commissioner in such cases ordinarily not to require purchasers to be ready with their bonds and sureties to the minute, but to allow a reasonable time to prepare the bond and get the sureties together, for the purpose of signing it, yet he must of necessity be the judge of the length of time he will give. The time he might give one man would be reasonable and justifiable, but the same time given another man might not be reasonable or justifiable. In the one case, where the party was known to be solvent, of good credit, and prompt and reliable, the commissioner would be justified to wait on him to get together his sureties, etc. On the other hand, as in this case, where the party was known to be insolvent, and no satisfactory assurance given the commissioner that he could make a good bond, then he should not hazard the rights of others by giving time to look up bondsmen, etc.

The appellant having purchased said property at the sale, and having executed his bond as required by the decree and commissioner of the court, and there being no sufficient reason shown against the confirmation of his purchase, we are of the opinion that the circuit court erred in setting aside his purchase, and substituting appellee as purchaser of the property.

Wherefore, the judgment of the circuit court is reversed, and the cause remanded, with directions to set aside the appellee's exceptions to the commissioner's report of sale, and the order confirming the appellee as the purchaser of said property, and then confirm the appellant's purchase of said property, and for other proceedings in the case consistent with this opinion.