CASE 76—CONTROVERSY BETWEEN C. E. BOND AND BRAND'S TRUSTEE AND OTHERS AS TO THE LIABILITY OF THE PURCHASER OF A TRACT OF LAND FOR TAXES ASSESSED SEPTEMBER 15, 1902, WHICH WAS PURCHASED ON AUGUST 2, 1902, AT COMMISSIONERS' SALE.—MAY 26.

# Bond v. Brand's Trustee and Others.

APPEAL FROM FAYETTE CIRCUIT COURT.

FROM THE JUDGMENT BOND APPEALS. AFFIRMED.

DECRETAL SALE—ACCEPTED BIDDER—LIABILITY FOR TAXES.

Held: The acceptance by the commissioner making a decretal sale of one's bid, and his bond for purchase money, gives him the equitable title to the property, so that under Kentucky Statutes 1899, sections 4023, 4052, he is liable for taxes thereafter accruing against it.

WALTON & RIVES, ATTORNEYS FOR APPELLANT.

Under a decree of the Fayette Circuit Court a tract of land was sold by the commissioner of said court at public sale on August 2, 1902, at which sale appellant became the bidder at $22,400, for which he executed bond. The sale was reported on the fifteenth day of September, 1902, and was confirmed and possession delivered to appellant October 13, 1902. On November 10, 1902, the court having under submission the question as to who was liable for the taxes, State, county and city, assessed against said property, as of date September 15, 1902, amounting to over $400, adjudged that the purchaser, C. E. Bond, acquired an equitable title to the land from the date of sale and was therefore liable for said taxes and from this judgment C. E. Bond has appealed.

In the lower court appellee relied on Kentucky Statutes, section 4023, which provides "that the holder of the legal title and the holder of the equitable title and the claimant or bailee in possession of the property on the 15th of September of the year the assessment is made shall be liable for the taxes thereon, but as between themselves it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon."

It seems to us that the purchaser not being entitled to the possession or rent of the land until after confirmation of the sale that he has no such equitable title in the meaning of said section as will require him to pay the taxes. He has not parted with the money which he bid for it, and was compelled to list the money for taxation on September 15, 1902, and to require him to pay on the money and also to pay on the land would be double taxation which would be inequitable and unjust, and was never contemplated by the Legislature in enacting said section.

### AUTHORITIES CITED.

Ky. Stats., sec. 4023; Hughes v. Swope, 88 Ky., 357; Rogers v. Rogers, 47 S. W., 701; German Bank v. City of Louisville, 22 R., 99.

MORTON & DARNALL, FOR APPELLEE.

Our contention is:

That the purchaser of property at decretal sale, which sale is confirmed by the court, becomes the real owner from the date of sale, and as such is liable for taxes assessed between the date of sale and date of confirmation.

This has been the uniform ruling of this court ever since 1872, and under the plain provisions of sections 4023 and 4052, Kentucky Statutes, which are substantially re-enactments of section

7, article 1, and section 11 of article 5 of chapter 92 of the General Statutes, places the question beyond any doubt.

### AUTHORITIES CITED.

Ky. Stats., secs. 4023, 4052; Vance's Admr. v. Foster & Ray, 9 Bush, 389; Stump v. Kenn Mss. Opinion, 1873; Hughes v. Swope, 88 Ky., 257; Clasby v. Barnett Mss. Opinion, 1873; German Bank v. City of Louisville, 22 R., 9; Fort v. Birch, 6 Barbour, 60; McLaren v. Hartford Ins. Co., 1 Selden, 151; Fuller v. Van Gierson, 4 Hill, 173.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

On the 2d day of August, 1902, the appellant, C. E. Bond, became the purchaser of a lot, and storehouse situated thereon, in the city of Lexington, at a decretal sale made by the master commissioner of the Fayette circuit court, at the price of $22,420, and executed bonds therefor to the commissioner. The report of sale was filed on the 15th day of September, 1902, and was confirmed, and possession awarded to appellant, on the 13th day of October thereafter. In the judgment of confirmation, the question of appellant's liability for taxes against the property, assessed as of the 15th day of September, 1902, was reserved, but it was subsequently adjudged by the court that appellant, as purchaser, took the vested equitable title to the property on the day of sale, and was liable for all taxes that might be assessed on the property as of September 15, 1902. To this ruling of the court the purchaser excepted, and has appealed to this court.

Sections 4023 and 4052 of the Kentucky Statutes of 1899, which are substantial re-enactments of similar provisions contained both in the General and Revised Statutes on the same subject, read as follows:

"Sec. 4023. The holder of the legal title and the holder of the equitable title, and the claimant and bailee in possession of the property on the 15th of Sep-

tember of the year the assessment is made, shall be liable for taxes thereon; and as between themselves, it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon, whether the property be in possession or not at the time of the payment."

"Sec. 4052. All taxable estate shall be assessed and valued as of the fifteenth of September in the year listed, and the person owning or possessing the same on the day shall list it with the assessor and remain bound for the tax, notwithstanding he may have sold or parted with the same."

The sole question to be decided is whether appellant on the 2d of August, 1902, acquired the equitable title to the property by reason of the acceptance of his bid and bonds for purchase money, by the commissioner making the sale. If so, he became liable for all taxes which accrued against the property after that date. This is not a new question in this State. In Vance's Adm'r v. Foster & Ray, 72 Ky., 389, it was decided that an accepted bidder at a judicial sale could be compelled to comply with the terms of his purchase, notwithstanding the accidental destruction of the property by fire before the sale was confirmed or actual possession changed, upon the theory that he held the equitable title to the property. In that case, in discussing the same contention made for appellant, the court said: "If it be true, as contended for the appellee, that their bids for the several parcels of machinery, and their acceptance by the commissioner, were not effectual for any purpose until approved by the court, and could have only operated to transfer the title as from the time of confirmation, we readily concede that the loss sustained in this case should fall on the estate of Vance, and not on the appellees. But in our opinion, both the rights which the appellees acquired and the responsibilities they incurred, by becoming ac-

cepted bidders for the property, greatly exceeded those resulting from mere proposals or offers to purchase, subject to the approval of the court  The principle, we think, can not be questioned, that where, at the time a sale is made, no valid ground for setting it aside exists, the accepted bidder is entitled to his purchase, however much the property may appreciate in value between the sale and time for confirming it.  This being so, why should he not be held bound by his purchase, although from accidental causes the property in the meantime may become impaired or depreciate in value?"  This case was followed by Clasby v. Barnett, which involved similar facts, and the identical question made by appellant on this appeal.  On the 29th of December, 1870, the master commissioner of the Fayette circuit court sold, pursuant to a judgment of the court, a tract of land to Clasby.  The sale was reported and confirmed in February thereafter.  The date then fixed by the statute for assessing property was on the 10th day of January.  The taxes were assessed against the former owner, Barnett, which she paid under protest, and then sued the purchaser for the amount thereof.  It was decided that she was entitled to recover.  In the manuscript opinion confirming the judgment of the lower court, Judge Lindsay used the following language:  "Whilst it is true that, in one sense, the purchaser at a sale made by the commissioner of a court of equity is only a preferred bidder, and that his rights thereunder do not become absolutely perfect until the sale is confirmed by the chancellor, it is also true that he occupies a position similar to, and possibly as favorable as, that of any other purchaser under an executory contract.  The chancellor can not arbitrarily refuse to confirm the sale.  It is not, with him, a mere matter of discretion, but a duty or power regulated by fixed rules; and unless

there exists some reason which, according to the principles of equity practice, authorizes the sale to be set aside, a purchaser is not only a prior bidder, but one who, under his bid, can demand, as a matter of right, that the sale shall be confirmed.  He was from that time forward the equitable owner of the land, and the order of confirmation, instead of vesting him with a new and original claim, was a mere determination by the chancellor that such claim had existed from the day of sale.  [Citing in support of his opinion Strump v. Kenn, etc., manuscript opinion 1873, and Vance's Adm'r v. Foster, etc., quoted supra.]  Being the owner of the land on the 10th day of January, 1871, he was bound to list it for taxation, notwithstanding the fact that the legal title had not been vested in him by a conveyance. The statute required the owner or possessor of an estate and not the holder of the legal title, to assess it for taxation, and pay the taxes due upon it."  This case was followed by Hughes v. Swope, 88 Ky., 254, 8 R., 256, 1 S. W., 394, in which it was expressly announced that the purchaser at a decretal sale was vested with the equitable title to the land purchased from the day of sale until the confirmation thereof by the court.  These decisions are in accord with public policy, which requires that there should be stability in judicial sales, and that every reasonable presumption should be indulged in favor of sustaining them, although courts of equity have a general supervision over sales made by their decrees, and may, for sufficient reasons, set them aside and order resales.  We are cited to the opinion in the case of The German Bank v. City of Louisville, 108 Ky., 377, 22 R., 9, 56 S. W., 504, as an authority supporting the contention of appellant.  That case was decided under a provision of the charter of the city of Louisville in force in 1890 and 1891, regulating the assessment of lands in the

city, and which provided that the assessment of such property might be either against the owner or holder. No reference is made by the learned and able judge who delivered the opinion in that case to the sections of the statute quoted supra, and which, in our opinion, must control the determination of this question. The charter under which that assessment was made has been superseded by another, and, if the opinion had rested solely upon its provision, it is possible the case might have been distinguished from the case of Clasby v. Barnett. But the opinion reviews the cases of Vance's Adm'r v. Foster & Ray, 72 Ky., 389, and Hughes v. Swope, supra, and other decisions of this court, and holds that the doctrine as "therein stated must be taken with some limitations," and, in effect, holds that the legal and not the equitable title holder of the property must pay the taxes, upon the ground that he acquired by his purchase no right to the possession of the property, nor the rents or profits thereof, until after the confirmation of the sale. As conceded in the opinion in that case, the question is one, in the main, of statutory construction, and must be decided by section 4023, which makes it the duty of the holder of the equitable title to list the property. After a very careful consideration of the whole question, we have concluded that the safer and better rule is to adhere to the construction of the statute given in Vance's Adm'r v. Ray & Foster, Hughes v. Swope, and Clasby v. Barnett; and, in so far as the decision in the case of The German Bank v. City of Louisville conflicts with this conclusion, it is overruled.

Judgment affirmed.