## ALLIANCE INS. CO. et al. v. ENDERS.

(Circuit Court of Appeals, Ninth Circuit. November 12, 1923.)

No. 4008.

1. **Insurance ⬤143(7)—Insured may show, without reforming mortgage clause, that there was no mortgage.**

Where a policy is made payable to a mortgagee as his interest may appear, it is entirely competent for insured to prove that there was no mortgage in fact, or that the mortgage has been satisfied, without any reformation of the policy, though the policy provided that it would be void, if interest of insured was not truly stated therein.

2. **Insurance ⬤553(1)—Insured's innocent misstatement of interest held no defense.**

Under Comp. St. Idaho 1919, § 5030, an essential element of the offense of false swearing to proofs of loss on an insurance policy is the intent to deceive, and where such intent was not shown, the fact that insured incorrectly stated his interest and that of others in the property destroyed, both before and after loss, did not prevent recovery under the policy, which by its terms was to be void in case of any fraud or false swearing by insured.

3. **Insurance ⬤665(3)—Evidence held not to show willful misstatement of interest.**

In an action on a fire policy, evidence *held* sufficient to show that insured's misstatements of his interest in the property were not willful, or made with intent to deceive.

4. **Insurance ⬤558(1), 612(2)—Proof of loss condition precedent; lulling insured into belief proofs of loss will not be required estop insurer.**

Furnishing proofs of loss within the period stipulated in the policy is a condition precedent to recovery; but this requirement may be waived, or insurers may estop themselves from interposing that defense, by lulling insured into the belief that formal proofs will not be required.

5. **Insurance ⬤668(15)—Adjusters' conduct held for jury on issue of estoppel.**

In an action on a fire policy, evidence that a representative of insured called on insurer's adjusters and offered to furnish any documents or proofs they might require, and that he was told adjusters would call on him if any proofs would be required, and that they did call on him for information, which was furnished, *held* sufficient to justify submission to jury of question whether insurers were estopped to deny that proofs of loss were furnished.

6. **Insurance ⬤282(8)—Vendee in possession held "sole and unconditional owner," within policy.**

A vendee in possession under agreement unconditionally binding him to buy and pay for the property is the "sole and unconditional owner," within that term as used in fire insurance policies.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Sole and Unconditional Ownership.]

7. **Corporations ⬤432(12)—Execution of deed, etc., held sufficient proof of authority to bind corporation.**

A corporation's execution of a deed, delivery of possession, acceptance of interest on unpaid purchase price, and acquiescence in all that was done in its name, was sufficient proof of authority of persons with whom vendees dealt to bind corporation.

8. **Trial ⬤251(6)—Refusal to submit defense not pleaded, and supported by meager evidence, held proper.**

In an action on a fire policy, the court properly refused to submit to the jury insurer's defense that insured used the premises for a laundry in violation of the policy, which was not pleaded in the answer and was supported by meager evidence.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern Division of the District of Idaho; Frank S. Dietrich, Judge.

Separate actions by Theodore Enders against Alliance Insurance Company, against the British & Federal Underwriters of the Norwich Union Fire Insurance Society, against the Commercial Union Assurance Company, Limited, and against the Star Insurance Company of America. Judgments for plaintiff, and defendants bring error. Affirmed.

George F. Shelton, of Butte, Mont., Finis Bentley, of Pocatello, Idaho, and Howard Toole and Brice Toole, both of Butte, Mont., for plaintiffs in error.

B. W. Davis, D. W. Standrod, Standrod & Standrod, and T. D. Jones, all of Pocatello, Idaho, for defendant in error.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The plaintiff in the court below brought four separate actions against four insurance companies on four separate contracts of insurance. The policies and pleadings in the several actions were the same, and by consent of parties the four cases were consolidated for the purposes of trial. Each policy contained the following mortgage clause: .

"Loss, if any, on buildings alone, subject, however, to all the terms and conditions of this policy, payable to Fred J. Kiesel estate, mortgagee and assured."

Also:

"Loss or damage, if any, under this policy on buildings alone, shall be payable to Fred J. Kiesel estate, mortgagee (or trustee) as interest may appear.

But the complaint averred that the Kiesel estate was not a mortgagee or trustee at the time of the issuance of the policy or thereafter, and had no interest in the property or in the insurance. Each policy also contained the usual provisions found in the standard policy: First, that the policy should be void if the insured concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance or the subject thereof, or if the interest of the insured in the property was not truly stated, or in case of any fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after the loss; second, that if a fire occurred the insured should immediately give notice of any loss in writing, and should, within 60 days after the fire, render a statement to the company, signed and sworn to by the insured, stating his knowledge and belief as to the time and origin of the fire, the interest of the insured and all others in the property, and other matters not material here, and that no suit or action on the policy should be sustainable at law or in equity until after full compliance with the foregoing requirement; third, that the entire policy, unless otherwise provided by an agreement indorsed thereon or added thereto, should be void if the interest of the assured was other than unconditional and sole ownership. Breaches of these several conditions or provisions were averred in separate defenses contained in the answer. Upon trial, the plaintiff had

judgment in the several cases, and the defendants have sued out the present writs of error.

The following brief statement is deemed sufficient to a proper understanding of the principal assignments of error: At the time of the insurance the legal title to the insured property stood in the name of the Natural Mineral Water Company, a corporation. Some three years before the insurance was taken out, the defendant in error had some negotiations with W. A. Clark and Fred J. Kiesel looking to a purchase of the property. Clark was vice president of the company, and Kiesel a director. What, if any, other office Kiesel held in the company, does not appear, aside from the fact that he took the principal part in conducting the negotiations in question. As a result of these negotiations a deed was executed on behalf of the corporation and placed in escrow, to be delivered upon the payment of the purchase price of $4,000. The defendant in error then entered into possession of the property, made valuable improvements, and paid the taxes and interest on the purchase price. How the mortgage clause came to be inserted in or attached to the policies does not appear, as the court below excluded any explanation on the part of the defendant in error, and no testimony, or explanation was offered by the plaintiffs in error. No formal proofs of loss were submitted, but it appears from the testimony that one Shearman called upon the adjusters, at the request of the defendant in error, soon after the destruction of the property by fire, and offered to furnish any documents or proofs they might require; that he was informed that they would call upon him if any such were needed; that they did call upon him several times; and that the desired information was furnished. It also appears that the defendant in error furnished an affidavit at the request of one of the companies, in which he stated that he was the owner of the building and the land on which it stood, under a contract and escrow agreement from the Kiesel estate and Clark, and was the sole and absolute owner of the furniture and property contained therein, and that the Kiesel Estate had and held an interest in the property as security in the sum of about $5,400.

Under the pleadings and under the testimony the plaintiffs in error contend that there should be no recovery for the following reasons: First, because it is admitted in the pleadings that the policies were made payable to a mortgagee and there was no mortgagee, therefore there can be no recovery at law without a reformation of the policies in equity; second, because of misrepresentations and false swearing concerning the subject of the insurance and the interest of the insured and others in the property; third, because there was no proof of loss and no valid waiver of such proof; fourth, because the interest of the insured was other than unconditional and sole ownership.

[1] 1. The first contention cannot be sustained. Where a policy is made payable to a mortgagee as his interest may appear, it is entirely competent for the plaintiff to prove that there was no mortgage in fact, or that the mortgage has been satisfied, and this without any reformation of the policy.

[2, 3] 2. In support of the claim that the defendant in error misrepresented his interest and the interest of others in the property and

was guilty of false swearing, our attention is called to the fact that the policies were made payable to a mortgagee or trustee as his interest might appear; that the defendant in error was not in fact the owner of the property, and that he made an affidavit to the effect that the Kiesel estate had an interest in the property as security. There was no representation that there was a mortgage on the property; the representation as to ownership or title will be considered later, and the representation as to the interest of the Kiesel estate was manifestly made through ignorance or mistake. The defendant in error is somewhat lacking in intelligence, or at least has little conception as to what is meant by such common terms as "contract," "option," and "mortgage." He seems to have labored under the impression that some person had an interest in the property by reason of the fact that the purchase price had not been paid, and sometimes that interest was attributed to the Kiesel estate, and sometimes to the corporation from which he purchased. There was an entire absence of any testimony tending to show that false statements were willfully made, or that there was any intent to mislead or deceive. In construing section 5030 of the Idaho Compiled Statutes relating to proof of loss, the Supreme Court of that state said:

"Under this statute, the intent is an essential element in the offense of false swearing, and it does not appear from the evidence that the false statement in the proof of loss was knowingly made by plaintiff." Carroll v. Hartford Fire Ins. Co., 28 Idaho, 466, 154 Pac. 481, 985, 989.

The instruction in this case conforms to that rule, and the verdict of the jury is supported by the testimony.

[4, 5] 3. The court instructed the jury that, while the furnishing of proofs of loss within 60 days is a condition precedent to the right of recovery, this requirement of the policies may be waived by the insurance companies, or the insurance companies may estop themselves from interposing that defense, and that, if the companies, before the expiration of the 60-day period, lulled the plaintiff into the belief, acting as a reasonable person, that formal proofs of loss were unnecessary, that they would not be required, and that he need not go to the trouble of making them, and permitted him to act on that belief until after the 60 days had expired, then the companies would be estopped to defend under this provision of the policies. This instruction is in harmony with the decision of this court in Twin City Fire Ins. Co. v. Stockmen's Nat. Bank, 261 Fed. 470-476, where we said:

"Clauses in insurance policies, prohibiting waiver unless the same is indorsed thereon, refer only to the provisions which enter into the contract of insurance, and they do not affect conditions which are to be performed after loss, such as furnishing proofs of loss and giving notice. These may be waived, either by expressed words or by conduct inconsistent with an intention to enforce a strict compliance with the conditions, and which conduct is calculated to lead the insured to believe that the insurer does not intend to require such compliance. * * * And as adjuster sent to adjust a loss presumably has authority to waive proof of loss."

The facts here justified and required the submission of question of estoppel to the jury, and their verdict is controlling upon this court.

[6] 4. Again, the court instructed the jury that, if there was a binding obligation on the part of the vendor to sell, and a binding obligation on the part of the defendant in error to purchase and pay the purchase price, and the latter was placed in possession of the property, this would satisfy the provision of the policies as to unconditional and sole ownership. This instruction embodies a correct statement of the law, and the finding of the jury is supported by competent testimony. Williams v. Buffalo German Ins. Co. (C. C.) 17 Fed. 63; Pennsylvania Fire Ins. Co. v. Hughes, 108 Fed. 497, 47 C. C. A. 459; Milwaukee Mechanics' Ins. Co. v. Rhea, 123 Fed. 9, 60 C. C. A. 103.

[7, 8] There is some claim that there was an absence of testimony tending to show the authority of the parties with whom the defendant in error dealt to act for or bind the corporation, but we think that such authority was sufficiently shown by the execution of the deed, the delivery of possession, the acceptance of interest, and the acquiescence of the corporation in all that was done in its name. There is also some contention that a portion of the insured premises was used as a commercial laundry, in violation of the terms of the policy. But in answer to this we deem it sufficient to say that no such defense was interposed by answer, and the testimony in support of this claim was so meager that the court did not err in refusing to submit the question to the jury. This disposes of the principal assignments of error, and all incidental or independent assignments are without merit.

The judgments of the court below are affirmed.