## Cook's Administrator v. Franklin Fire Insurance Company, et al.

(Decided May 8, 1928.)

### Appeal from Perry Circuit Court.

1. Judicial Sales.—Equitable title of property passes with valid judicial sale of it and execution of bond by purchaser.
2. Insurance.—Policy of fire insurance providing that it should be void if any change other than death of insured took place in interest, title, or possession in subject of insurance, whether by legal process or judgment or voluntary act of insured, held avoided by acceptance of bid and purchase-money bond of purchasers at judicial sale.

3.  Judicial Sales.—Where exceptions have been filed to judicial sale and question is presented to court whether sale shall be set aside or confirmed, nothing which has occurred subsequent to sale may be taken into account by court, but it must decide on status existing when sale was made.

4.  Judicial Sales.—Where it was found that all steps requisite to valid judicial sale of house had been taken and that no inequitable conduct had been engaged in, destruction of house by fire, after sale, afforded no ground for setting it aside.

WILSON & WILSON and NAPIER & HELM for appellant.

F. M. DRAKE and MORGAN, EVERSOLE & BOWLING for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

This is an appeal by G. W. Cook's administrator from the same judgment dealt with by this court's opinion in Franklin Fire Insurance Co. of Philadelphia v. Cook's Adm'r et al., 216 Ky. 15, 287 S. W. 553. That opinion considered and determined the question as between the present appellee, the Franklin Fire Insurance Company, and John E. Campbell et al., purchasers at a judicial sale, whether they were entitled to recover the proceeds of the policy of insurance which was issued prior to the judicial sale insuring the property sold, the fire occurring after the sale but before its confirmation, it appearing that there had been no assignment of the policy to them. It was there written that the purchasers could not recover.

In the same action the original owners whose policy had not been assigned, sought also to recover the proceeds of the insurance policy. Insurer defended as to them upon the theory that the judicial sale of the property insured avoided the policy under the provision that it should be void. "If any change other than by the death of an insured take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured or otherwise." The judgment below denied the policyholders the relief sought, and they have appealed.

The facts are agreed, and a pure question of law is presented. The dwelling house owned jointly by the several heirs of G. W. Cook was insured for them by appellee to the amount of $2,000. Subsequent to the deliv-

ery of the policy sued upon an action was instituted by some of the joint owners against the others for a sale of the real estate involved and a division of its proceeds upon the ground that it was indivisible. It had been adjudged that the real estate be sold and the master commissioner, as directed by the judgment, had sold it. The highest and best bidder at the sale had been accepted as its purchaser by the commissioner and had executed bond for the purchase price. Before the sale was confirmed, the house insured was destroyed by fire. The sale subsequently was confirmed and the purchaser was or will be required to pay the purchase price, regardless of the fact that in the meanwhile the dwelling house had been destroyed by fire. It is insisted for appellant that under these facts there had been no change in the interest, title, or possession of the subject of insurance at the time the fire occurred, within the meaning of the above-quoted provision of the insurance contract; that under judicial sales there is not a change of title or interest until the sale is confirmed. Appellees take the opposing position, insisting that there was a change of title and interest when the sale was had and the purchaser executed bond for the purchase money. That is the narrow question presented by this appeal.

This court is committed to the doctrine that the equitable title of property passes with a valid judicial sale of it and the execution of bond by the purchaser. In Vance's Adm'r v. Foster and Ray, 9. Bush (72 Ky.) 389, certain mill machinery sold under order of court was purchased by appellees, Foster and Ray. Within a few days thereafter and before the sale had been reported and confirmed, the machinery was destroyed by fire. The controversy there was over who should bear the loss. It was said:

"The essential inquiry to be determined therefore is, did the appellees by their purchase acquire such a right to the property and incur such correlative responsibility as to render it equitable and just to confirm the sale, and coerce a compliance on the part of the appellees with the terms of their purchase, notwithstanding the accidental loss of part of the property?

"If it be true, as contended for the appellees, that their bids for the several parcels of machinery and their acceptance by the commissioner were not

effectual for any purpose until approved by the court, and could have only operated to transfer the title, then, as from the time of confirmation, we readily concede that the loss sustained in this case should fall on the estate of Vance and not on the appellees. But in our opinion both the rights which the appellees acquired, and the responsibilities they incurred by becoming the accepted bidders for the property, greatly exceeded those resulting from mere proposals or offers to purchase subject to the approbation of the court. The principle cannot, we think, be questioned that where at the time a sale is made no valid ground for setting it aside exists the accepted bidder is entitled to his purchase, however much the property may appreciate in value between the sale and time for confirming it. This being so, why should he not be held bound by his purchase, although from accidental causes the property in the meantime may become impaired or depreciated in value?''

In Bond v. Brand's Trustee & Others, 115 Ky. 632, 74 S. W. 673, 25 Ky. Law Rep. 26, the facts were: On August 2, 1902, Bond purchased real estate at judicial sale, bidding $22,420, and executing bond for the purchase price. This sale was not confirmed until the 13th day of October thereafter. At that time it was required by our statutes relating to revenue and taxation that all taxable property be assessed and valued as of the 15th of September. The statutes then, as now, made the holder of the legal title, the holder of the equitable title, the claimant and the bailee in possession of property on the assessing date liable for the taxes; but provided that, as among themselves, the holder of the equitable title must pay the taxes. The question there was whether Bond, the purchaser at the judicial sale in August, thereby acquired the equitable title so as to make him liable for taxes assessed as of September 15th, although the sale was not confirmed until in October following. It was held that the equitable title passed to Bond, the purchaser at the judicial sale, when the commissioner accepted his bid and purchase-money bond on the day the sale was made. The opinion in that case contains an exhaustive review of the authorities on the subject and is referred to as a complete answer to the question presented by this appeal.

The only opinion of this court taking the other view of this question and supporting the contention of appel-

lant is that of Manhattan Insurance Co. v. Stein & Zang, 5 Bush (68 Ky.) 652. In that case a policy for $5,000 had been written by Manhattan Insurance Company. The property insured had been destroyed by fire, and insurer defended the action on the policy upon the grounds: First, that the proof of loss was not made as required; second, that other insurance had been taken by insured without the consent of insurer; and, third, that there had been a decretal sale which violated the change of interest clause of the policy. There had been a judgment below for insured, and the appeal presented the three questions involved. The first was rejected; the sceond was held to present a good defense; and the judgment was reversed for that reason. The second question was fully considered, and, after deciding that under the facts presented the policy sued on had been avoided by insured procuring other insurance without the consent of the insurer, the court in a single sentence disposed of the third contention in these words:

> "But neither the title nor insurable interest of Zang had been transferred or effectually changed until the decretal sale to Stein was confirmed after the fire."

The change of interest clause there differed from that here. The opinion on this question has never been referred to or followed in any subsequent opinion of this court, while the other view and the reason and authority upon which it is founded appear in the two fully considered opinions hereinbefore referred to and numerous other opinions of this court and other courts referred to therein. These other opinions have been rendered subsequent to that in the Stein & Zang case, supra, and on the question here involved the principle there written in the words above quoted, patently without serious reflection and consideration, has been overruled, impliedly at least, by the numerous opinions referred to.

In view of the opinions to which we have referred, we can but conclude that there was a change of the interest and title of the subject of this insurance by the acceptance of the bid and purchase-money bond of the purchasers at the judicial sale which avoided the policy of insurance sued on herein under its express terms, as no sufficient reason then existed why the sale should not be confirmed.

The following reason in addition to those given herein and in the opinions to which we have referred may be offered as supporting the conclusion here reached: When exceptions have been filed and the question is presented to the court, whether a sale shall be set aside or confirmed, nothing which has occurred subsequent to the sale may be taken into account by the court, but it must be decided on the status existing when the sale was made. In this instance it was found that all the steps requisite to a valid sale had been taken, and that when the sale was had no inequitable conduct had been engaged in by or on behalf of either those whose property was being sold or those who purchased it. Hence when the question of setting aside or confirming this sale was presented to the court, though the dwelling house on the lot involved had been destroyed by fire after the sale was had, that afforded no ground for setting it aside and none other appearing the sale was confirmed. The purchaser was or will be required to pay the amount of his bid, the highest and best offered for the real estate involved with the house located thereon. Hence the former owners, the appellants herein, received or will receive from the purchaser the value of the house insured under the bond he executed for the purchase price thereof. They now seek to recover the value of this building from the insurance company, and if they should succeed it would mean that they first sold the house to the purchasers at the sale and then recovered its value from the insurance company.

Springfield Fire Marine Insurance Co. v. Phillips, 16 Ky. Law Rep. 353, is not in conflict with the principles we have here announced and does not sustain appellant's contentions. There had in that case been a judgment directing the sale of the insured property and the commissioner attempted to make a sale, but the sale proved abortive by the purchaser failing to execute bond; hence there was no sale. The same thing may be said of German Fire Insurance Co. v. Duncan, 140 Ky. 27, 130 S. W. 804. In that case the owner of the insured property entered into negotiations with the United States for a sale of it. Before the negotiations reached the point where it could be held that there was a binding contract of sale the house burned, and, for the reason that a binding contract of sale had not been entered into, it was held that there had been no change of title or interest of the insured. That case recognized the validity of the clause of the insurance contract against change of title or interest as

have all our other opinions on the subject. Home Insurance Co. v. Chowning, 192 Ky. 327, 233 S. W. 731, relied upon by appellants, does not support their contention. The question involved in that case was whether the writing signed by the owner of the property insured and a prospective purchaser was an option or an executory contract of sale. It was held to be an option, and hence it was held that there had been no change of title or interest. The Chowning case and the Duncan case do not depart from, but reaffirm, the principle to which we have uniformly adhered, that, where insured enters into an executory contract for the sale of the insured property, there is such a change of interest and title as invalidates existing insurance contracts. See French v. Delaware Insurance Co., 167 Ky. 176, 180 S. W. 85; Home Insurance Co. v. Wilson, 210 Ky. 237, 275 S. W. 691; Cottingham v. Fireman's Fund Insurance Co., 90 Ky. 439, 14 S. W. 417, 12 Ky. Law Rep. 409, 9 L. R. A. 627; and McKinney v. Western Assurance Co., 97 Ky. 474, 30 S. W. 1004, 17 Ky. Law Rep. 325.

This court's opinion in Phoenix Insurance Co. v. Lawrence, 4 Metc. (61 Ky.) 9, 81 Am. Dec. 521, is not in conflict with the conclusion we have here reached. It was written with reference to an insurance contract altogether different in its phraseology from that now before us. It provided that "any transfer of the interest of the insured" would avoid the policy. The transfer there involved was an assignment for the benefit of creditors. It was held, under the peculiar language of that policy, that "any transfer of the interest" of the insured meant any transfer of the *entire* interest of the insured. It was held that, though the deed of assignment had been executed and delivered, insured yet possessed and held "an insurable interest," and hence that there had not been a transfer of the entire interest of the insured. The insurance contract here involved provides that any change in the title or interest of the insured will avoid it. Hence the distinction.

For the reasons indicated, the judgment appealed from herein dismissing appellant's petition will be affirmed.

Judgment affirmed.