### Butler, et al. v. Jones, et al.

(Decided June 27, 1928.)

Appeal from Bourbon Circuit Court.

Judicial Sales.—Where property of a decedent's estate was sold at judicial sale to pay debts, and heir, claiming to be successful bidder, was insolvent, and did not execute satisfactory bond until after sale to next highest bidder was confirmed, 75 days later, his exceptions to sale were properly overruled, since it was his duty to execute bond within reasonable time.

J. SMITH HAYS for appellants.

TALBOTT & WHITLEY and D. D. CLINE for appellees.

Opinion of the Court by Drury, Commissioner— Affirming.

The exceptions filed by Charles H. Butler to a judicial sale of his property having been overruled, he has appealed. In January, 1925, Anderson Butler, a colored

man, died intestate, and all his property, both real and personal, passed to his only son and heir, Charles H. Butler, subject, of course, to the father's debts and the claims of his father's widow, the stepmother of Charles H. Butler. This estate was insolvent. It was necessary to sell the real estate, and it was sold. We do not know exactly what tract No. 2 brought, but from what we can judge from the record, it brought something like $1,000. Tracts No. 1 and No. 3 were first offered separately and had brought about $150 an acre. Thereupon the two tracts were offered for sale together, and the bidding began at about that figure and soon got to more than $200 an acre. John W. Jones had bid $202 per acre, whereupon Charles H. Butler bid $203 per acre. The commissioner then asked Butler who his surety was, and Butler gave him the name of one Boone, of Clark county. Boone was not present at the time. Butler gave no satisfactory assurance when Boone would be there. The commissioner did not know Boone. The commissioner regarded Charles H. Butler as insolvent, and refused to recognize his bid of $203. Effort was made to obtain an advance on the bid of $202 per acre made by Jones, but no one offered to advance that bid, except Charles H. Butler, whose bid the commissioner refused to recognize, and the property was knocked off to John W. Jones. The sale was reported, and Charles H. Butler filed exceptions to the sale. Five days thereafter, these exceptions were considered by the court, and evidence heard relative to the sale and the conduct thereof. The court overruled the exceptions. Charles H. Butler had not then secured a satisfactory surety on his bond, but six days after that he did tender bond with satisfactory surety thereon, and moved the court to reopen the exceptions, and to accept his bid of $203 per acre, which the court declined to do. Writ of possession was issued in favor of Jones, and Butler was put out, and Jones put into possession. Butler has appealed.

The principal reliance for Butler is upon the case of Morton v. Moore, 11 Ky. Op. 938, while the purchaser seems to place his principal reliance upon the cases of Briggs v. Wilson & Muir, 204 Ky. 135, 263 S. W. 740, and Hughes v. Swope, 88 Ky. 254, 1 S. W. 394. The evidence indicates that Charles H. Butler is insolvent. It was 75 days from the date of the sale before it was confirmed and still he had not tendered a satisfactory bond, and did not do so until 6 days after that. If Butler had been

the successful bidder, as he claims he was, it would have been his duty to execute a satisfactory bond within a reasonable time. He did not do so.

The judgment is affirmed. The whole court sitting.