## CRABB v. CALVERT FIRE INS. CO.

Court of Appeals of Kentucky.
March 6, 1953.

Allen Schmitt, Louisville, for appellant.

Edwin O. Davis, Louisville, for appellee.

DUNCAN, Justice.

This appeal is from a judgment rendered on the pleadings in favor of the insurer in an action to recover on a collision insurance policy covering a 1950 Studebaker automobile.

The policy was originally issued to Sheridan Aubrey, who subsequently transferred the automobile and policy to appellant with the consent of the insurer evidenced by proper endorsement. Appellant kept the car for a few days and then sold it to George Heil, who was its owner at the time of the collision. No transfer of the policy was made after the latter sale, and Heil is not a party to this action or claiming any interest in the recovery which is sought.

Appellee's answer alleged that appellant had no insurable interest in the automobile at the time of its loss by reason of its sale to Heil, and further charged that the sale constituted a breach of the policy provision as to absolute ownership. The reply alleged that appellant had an insurable interest because of his secondary liability to Commercial Credit Corporation for a balance on the notes evidencing the original purchase price. It further alleged that the warranty as to absolute ownership related to time of the issuance of the policy rather than the loss, and a breach of the policy provision was denied.

It is a rule of insurance generally that the person taking out the policy must have an insurable interest in the subject matter of the contract. In property insurance, the insurable interest must exist both at the time of the making of the contract and at the time of the loss, while in life insurance, it is sufficient if such an interest exists at the inception of the contract. A person is usually regarded as having an insurable interest in the subject matter insured when he will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction or injury by the happening of the event insured against. There is, however, a material difference between having an insurable interest and having it insured. It may well be that the insurer, while willing to accept the risk of appellant's unconditional ownership, would have been unwilling to insure what at most amounted to a right to be subrogated to the lien created by the chattel mortgage held by Commercial Credit Corporation.

We agree that appellant had an insurable interest in the automobile, but we do not think that interest was insured under the provisions of the policy. There is also

a second and even more impelling reason which would defeat recovery.

We do not agree with appellant's contention that the common insurance requirement of sole and unconditional ownership applies only to the time of the issuance of the policy. An acceptance of that theory would imply that the insurer did not care who owned the automobile five minutes after the policy was issued so long as appellant was sole owner at the moment the policy became effective. There is no Kentucky case directly in point, but we have no difficulty in concluding from a consideration of the insurance contract and a recognition of the importance of the personal equation in the selection of risks that the sole ownership requirement in insurance policies covering property applies to the time of the loss as well as to the time the policy was issued.

Perhaps the dearth of judicial authority may be explained by the fact that the proposition is so fundamental as to be generally recognized rather than questioned. It is supported by respectable text authority in Couch's Cyclopedia of Insurance Law, Volume 4, Page 3180, Section 915, which we quote:

> "Where the stipulation is, 'If the interest of the insured be other than unconditional and sole ownership * * *' (the) interest must be one which is completely vested in the insured, since the words themselves exclude that which is conditional or contingent * * *. And this applies, even though the policy provides that it shall be void if the insured is not the sole and unconditional owner of the property insured * * * for such provisions apply only to such changes as arise in the ownership of the property after the delivery of the policy, and not to an existing state or condition of the property at the time when the policy was issued, except so far as material facts were misstated or concealed."

Appellant cites a number of cases, both foreign and domestic, in support of his position that the condition as to sole ownership relates exclusively to the time the policy was issued. Without extending our opinion by a discussion of the several cases, we may say that we have examined all authorities cited and the only one not in harmony with our conclusion is the case of Hanover Ins. Co. v. Bohn, 48 Neb. 743, 67 N.W. 774, which was decided in 1896. This case is not distinguishable in any substantial respect and supports appellant's position. However, we do not regard it as sound and are unwilling to follow the rule which it announces.

There is an abundance of authority to the effect that a policy provision as to ownership is regarded as material to the risk and a breach thereof will defeat recovery under the policy. Citizens Insurance Co. of New Jersey v. Railey, 256 Ky. 838, 77 S.W.2d 420; French v. Delaware Insurance Co., 167 Ky. 176, 180 S.W. 85; Aetna Insurance Co. v. Steele, 222 Ky. 57, 299 S.W. 1091.

The judgment is affirmed.