## KNOX FISCAL COURT et al. v. PHIPPS et al.

Court of Appeals of Kentucky.

Oct. 9, 1953.

Sampson B. Knuckles, J. J. Tye, Barbourville, for appellants.

Hiram H. Owens, Barbourville, for appellees.

STEWART, Justice.

This is an appeal from a judgment of the Knox Circuit Court wherein a writ of mandamus was granted compelling members of the Knox Fiscal Court, appellants, to provide funds in satisfaction of a judgment of $500 awarded appellees, Arthur Phipps and Catherine Phipps, in a condemnation proceeding instituted against them by appellants.

The question to be resolved is: Did appellants as condemnors take possession of the land involved herein and thereby become liable to appellees?

The evidence discloses that in 1950, pursuant to a plan for providing certain residents of Knox County a better means of ingress and egress to the county seat, appellants decided to change the location of a county road leading up Stone Coal Creek, and they set out to obtain a right-of-way for the road over certain land which included two tracts belonging to appellees that we shall refer to as "the upper tract" and "the lower tract." All owners whose land would be traversed by the proposed road agreed to donate rights-of-way for it except appellees who demanded compensation and, no agreement having been reached as to the price to be paid them, appellants instituted condemnation proceedings in the county court.

On November 6, 1951, a judgment was entered condemning a strip thirty feet wide through both the upper and lower tracts and allowing appellees $50 damages for the strip taken. Pursuant to the judgment, a special commissioner was appointed and ordered to execute a deed to appellants embracing the land, and on March 6, 1951, appellees were notified by the county court that the deed had been executed vesting title in the county and that county employees would appear and make the right-of-way suitable for immediate construction of the road. Appellees then appealed the above judgment to the Knox Circuit Court. The case was tried de novo before a jury which awarded appellees damages in the sum of $500 for the strip sought to be condemned through the lower tract. The circuit court held that no road was needed through the upper tract. Judgment was rendered on June 18, 1951, for the amount of the damages and a supplemental judgment entered thereafter expunged the upper tract from the recorded deed.

On August 21, 1951, appellants, at a regular meeting, passed a resolution wherein they recited they had abandoned construction of the new road and in the same order they attempted to cancel the deed conveying the right-of-way through appellees' lower tract. Appellants did not then and they have not to this date divested the county of title to this tract by the conveyance of this property back to appellees.

The Chancellor found, and there is ample proof to support his finding, that the road was built and completed on July 27, 1951, under the direction of appellants. However, appellants argue strenuously that the road was not begun and finished until almost a month later, that is, after the so-called abandonment resolution of August 21st became effective. In this respect appellants advance the novel contention that on the latter date they severed all connection with the road, that thereafter it was taken over as a community project by certain interested citizens who assumed all the expense incident to building it and that this arrangement absolved appellants from any liability to appellees for the cost of the right-of-way. It is admitted appellees' lower tract is embraced in the road. Nor is there any proof in the record which indicates appellees have ever released their judgment debt.

The scheme resorted to by appellants as outlined amounts to nothing more than a subterfuge to evade payment of the damages awarded appellees. Title to appellees' land could never have been acquired for the purpose for which it was used except by appellants' exercise of the right of eminent domain. Also, after appellants obtained title as condemnors to appellees' land, they dedicated it for road purposes, they have retained ownership and possession of it, and they have permitted a public road to be constructed over it which became a part of the highway system of Knox County. All this adds up to a taking for a public purpose within the spirit and meaning of Sections 13 and 242 of the Kentucky Constitution and appellants cannot escape liability to appellees for the amount awarded them as compensation for their property.

Wherefore, the judgment is affirmed.