**STANDARD ACCIDENT INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Ralph W. STARKS, John L. Starks, Harold O. Walker, D. A. Mangerie, Executor of the Estate of Boyce J. Bennett, Deceased, Defendants-Appellees.**

No. 16005.

United States Court of Appeals
Sixth Circuit.

Oct. 20, 1965.

James W. Stites, Louisville, Ky., for appellant. Stites, Peabody & Helm, Charles W. Porter, King & Porter, Louisville, Ky., on the brief.

William Mellor, and Fred C. Dolt, Louisville, Ky., for appellees. Gibson & Miller, Hardinsburg, Ky., on the brief.

Before MILLER, O'SULLIVAN and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

In this case plaintiff-appellant, Standard Accident Insurance Company, seeks a declaratory judgment holding it not liable under a policy of insurance issued to defendant, John Starks. The suit was filed after a car, title to which was in the name of defendant, was involved in a fatal accident while being driven by defendant's son. The accident occurred December 25, 1962. The policy had an expiration date of April 10, 1963.

Two changes of circumstance from those originally contemplated at the time of issuance of the policy are obvious in this matter. First, the original policy pertained to a Chevrolet automobile of 1955 vintage, which became unusable and was scrapped, while a Ford was purchased in its stead. Second, defendant's son had been listed on the original policy as a person who would drive the car about five per cent of the time; but he supplied the money for the down payment on the Ford and drove it most of the time.

Two relevant provisions of the policy provided:

"Item (4): Newly Acquired Automobile—an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; but such notice is not required if the newly acquired automobile replaces an owned automobile covered by this policy. The insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured or such spouse has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

"Item (8): Except with respect to bailment, lease, conditional sale, purchase agreement, mortgage or other encumbrance the named insured is the sole owner of the automobile."

At trial Standard Accident sought a holding that the Ford was not a replacement car within the meaning of the policy, and a holding that since the son admittedly furnished some of the money for the purchase of the car, defendant was not "sole owner" thereof.

At trial the District Judge submitted both of these issues to the jury as interrogatories. The jury found that the Ford was a replacement car within the meaning of the policy, and that Starks did not have "sole ownership."

Thereafter Judge Brooks entered a declaratory judgment for defendant Starks. His reasoning in doing so is set forth effectively in a memorandum opinion:

"Since the Ford was a replacement car for the Chevrolet as found by the jury, the only issue now to be resolved is whether coverage is defeated because the Ford was not solely owned by John L. Starks, the insured. It is concluded the policy was not avoided because the Ford was not solely owned by the insured.

"Kentucky Revised Statutes 304.-656 provides that:

'All statements or descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, unless material or fraudulent, shall not prevent a recovery on the policy.'

"The purpose of this statute was to prevent the insured from losing his indemnity upon either a representation or warranty that was not fraudulent or material to the risk. Germania Insurance Co. of New York v. Ridwig [Rudwig], et al., 80 Ky. 223.

"While the application for insurance filed in the record in this case shows that John Starks is the 'principal operator' it also discloses that the automobile is to be operated by his son, Ralph Starks, an estimated five per cent of the annual mileage the car is to be driven. Therefore, even though the policy as written by

the plaintiff insurance company provides that the named insured was the sole owner, the plaintiff insurance company was on notice that the car or a replacement of it was to be driven by the defendant, Ralph W. Starks, and under these circumstances since the misrepresentation of sole ownership was neither material nor fraudulent it does not prevent recovery on the policy. As stated in John Hancock Mutual Life Ins. Co. v. DeWitt, 259 Ky. 220, 82 S.W.2d 317, a 'warranty' must be literally true while 'representations' need only be substantially so. Also, U. S. Casualty Co. v. Campbell, 148 Ky. 554, 146 S.W. 1121; Provident Savings Life Assurance Co. v. Whayne's Adm'r., 131 Ky. 84, 93 S.W. 1049."

Appellant, however, relies strongly upon a Kentucky case, Crabb v. Calvert Fire Ins. Co., 255 S.W.2d 990 (1953). The Kentucky Court of Appeals (Kentucky's highest court) there dealt with the transfer of title of an insured automobile without the assignment of the policy to the new owner and an accident subsequent to the transfer of title. Although the insured still had an interest in the automobile (he was liable secondarily to a finance company) the Court of Appeals ruled against coverage holding that the "sole ownership" provision applied both at issuance of the policy and at the time of collision, and that in a suit for the damages resulting from the collision, the "sole ownership" representation was a material one, and sale of the car constituted a breach.

However, in the present instance, we have no transfer of title; and, perhaps even more important, we have a public liability suit to deal with rather than a suit to recover for collision damages.

The reasoning behind this latter distinction is effectively pointed out in Blashfield's Cyclopedia of Automobile Law and Practice:

"The rule requiring possession by the insured of an insurable interest in the property forming the subject matter of the insurance, which prevails generally in casualty insurance, is not applicable to liability indemnity policies.

"The character of the insurance is quite different from insurance, against injury or loss, of the property insured by fire, theft, collision, or the like, where the insured is required to have some real interest in the property insured; in the case of liability insurance the risk and hazard insured against is not the injury or loss of the property named in the policy, but against loss and injury caused by the use of the property therein named, for which the insured might be liable, and the right of the insured to recover does not depend upon his being the holder, in fact, of either a legal or equitable title or interest in the property, but whether he is primarily charged at law or in equity with an obligation for which he is liable." 6 Blashfield, Cyclopedia of Automobile Law and Practice, § 3873, 537–538 (Part 1 Perm. ed. 1945).

See also Ohio Farmers Insurance Company v. Lantz, 246 F.2d 182 (C.A.7, 1957), cert. denied, 355 U.S. 883, 78 S.Ct. 151, 2 L.Ed.2d 113 (1957).

On the facts of this case we believe the District Judge was correct in applying the Kentucky statute which he relied on and in holding that the state of facts in this case as of the date of collision did not represent "material or fraudulent * * * misrepresentation" such as "to prevent recovery on the policy."

Affirmed.