**Brit HANDY et al., Appellants,**

**v.**

**CITY OF HAZARD, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 11, 1966.

———◆———

C. A. Noble, Jr., Hazard, for appellants.

W. E. Faulkner, Hazard, for appellee.

MONTGOMERY, Judge.

Brit Handy and his wife appeal from an order dismissing a condemnation proceeding filed by the City of Hazard pursuant to KRS 99.420. The gist of their complaint on appeal is that the proceeding should not have been dismissed after they had answered and agreed to accept the award made by the commissioners.

Action No. 3461 was filed by appellee to acquire for urban renewal purposes certain described property owned by appellants. Commissioners were appointed who made an award of $13,100. Appellants answered, indicating their willingness to accept the award. No exceptions were filed by appellee but an order was entered by the court dismissing the proceeding without prejudice. Appellants filed a motion to set aside this order.

The court had a hearing on appellants' motion and held that the order of dismissal was void under CR 41.01, but it also held that any defect had been cured by the hearing on appellants' motion under consid-eration. There being no counterclaim filed, the court then dismissed the proceeding. It is this order of dismissal from which the appeal is prosecuted.

Appellants assign several reasons why the order should not be upheld, none of which is meritorious. It appears that the commissioners, in making the award, took into consideration some of appellants' property adjoining the property sought to be condemned. Apparently the adjoining property had been omitted by mistake from the description of the property sought to be condemned. This explains appellants' willingness to accept the award and appellee's desire to have the first proceeding dismissed. It appears that a similar proceeding, Action No. 3497, with a corrected description, including the omitted property, was subsequently filed.

The rule in eminent domain proceedings is that the condemnor in the absence of statutory regulation to the contrary may abandon the proceeding at any time, even after judgment, so long as possession has not been taken or the award paid. Commonwealth, Dept. of Highways v. Fultz, Ky., 360 S.W.2d 216; Shelton v. Webster County Soil Conservation District, Ky., 377 S.W.2d 81; Commonwealth, Department of Highways v. Holloman, Ky., 390 S.W. 2d 666. The award had not been paid and possession had not been taken under this proceeding. No statutory regulation contrary to the rule has been cited. In Kroger Company v. Louisville & Jefferson County Air Board, Ky., 308 S.W.2d 435, it was held that the property owner, in the absence of bad faith or unreasonable delay on the part of the condemnor, cannot collect damages by reason of the abandonment of the condemnation proceeding. The rule is an old one. Manion v. Louisville, St. L. & T. Ry. Co., 90 Ky. 491, 14 S.W. 532, 12 Ky. Law Rep. 445. The order of dismissal was proper.

Judgment affirmed.