**Myrtle PATRICK, Appellant,**

**v.**

**KENTUCKY FARM BUREAU MUTUAL IN-SURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 31, 1967.

Cordell H. Martin, Hindman, Rudy Yessin, Smith, Reed, Yessin & Davis, Frankfort, for appellant.

Earl R. Cooper, Salyersville, E. Preston Young, Jack Q. Heath, Louisville, for appellee.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Robert Rieckhoff, Dept. of Highways, Frankfort, for amicus curiae.

SCOTT REED, Special Commissioner.

Appellant, Myrtle Patrick, appeals from a judgment denying her recovery upon a fire insurance policy issued to her by appellee insuring real estate owned by her against destruction by fire. Fire destroyed the insured property, but the trial court ruled that at the time of the loss appellant did not have an insurable interest in the property destroyed.

The problem posed by this appeal is one of first impression in this jurisdiction and requires determination of whether or not the owner of property destroyed by the element insured against has an insurable interest in such property where condemnation proceedings have been brought against the insured property and have been completed through the county court level and the award paid prior to the loss.

Since we deem time to be a very relevant factor in the determination of this appeal, we give the following brief chronology:

July 27, 1960—Policy issued covering property subsequently destroyed, for a period of five years.

May 31, 1962—Commonwealth of Kentucky, Department of Highways, properly instituted condemnation proceedings against property insured in the Magoffin County Court pursuant to KRS, Chapter 177.

June 2, 1962—Duly appointed commissioners in county court reported a value and damage figure of $7,500.00 for insured property.

July 3, 1962—County court entered order and judgment by the terms of which it was ordered and adjudged that the Commonwealth of Kentucky, Department of Highways, may take possession of "said land and materials" upon pay-

ment of costs of action and award of the commissioners in the amount of $7,-500.00. Commonwealth of Kentucky, Department of Highways, paid the award to the clerk of the Magoffin County Court. This judgment of county court further provided that the owners of the insured property must vacate it and deliver full and complete possession upon the payment of the award by the Commonwealth and authorized a sheriff to evict owners upon their failure to vacate on or after date of payment of county court judgment.

July 7, 1962—Appellant received the payment made by the Commonwealth from the clerk of the Magoffin County Court.

July 22, 1962—The insured property was destroyed by fire.

The appellant sued the appellee insurance company in the Magoffin Circuit Court demanding recovery for the amount of the policy which was $4,000.00. The appellee contended that at the time of the loss, appellant had no insurable interest in the property. Proof was taken by deposition and upon submission of the case, the trial court filed findings of fact and conclusions of law upon which judgment was entered denying appellant recovery under the policy for the reason that she had no insurable interest in the property at the time of the loss.

The Commonwealth of Kentucky, Department of Highways, was not named a party to the action. It has filed an amicus curiae brief.

Appellant contends that it was error to deny her recovery under this policy because she held legal title to the property at the time of its destruction and, according to her contention, the condemnor had the right to wholly abandon the condemnation proceedings after the fire occurred.

The appellee maintains that the determination made by the trial court is correct upon the ground that at the time of the loss of the property, the appellant had no interest in it so as to sustain pecuniary benefit from its preservation or incur pecuniary loss as a result of its destruction. It further contends that under the facts herein presented, the condemnor could not have abandoned the eminent domain proceedings.

In its amicus curiae brief, the Commonwealth of Kentucky, Department of Highways, points out that it may abandon a condemnation proceeding, in the absence of a statutory prohibition, at any time, even after judgment, so long as possession has not been taken or the award paid. It further takes the position that the insurance proceeds resulting from appellant's insurable interest in the property inure to it and that it was an indispensable party to the action and should have been joined as a party by the trial court.

In all fairness, it should be pointed out that after the county court judgment referred to herein was entered, both the appellant and the condemnor appealed the issue of the proper amount of compensation for the property taken to the Magoffin Circuit Court. Therefore, it is true that at the time of the destruction of the insured property, appellant held legal title to it, but the fact that the named insured held legal title to the insured property is not conclusive of the existence of an insurable interest as the trial court correctly discerned as evidenced by its citation of Cook's Adm'r v. Franklin Fire Insurance Company, 224 Ky. 360, 6 S.W.2d 477.

Appellant relies upon cases from foreign jurisdictions, among them, Pennsylvania, Illinois, New York and Virginia. Appellee also relies upon cases from foreign jurisdictions, among them, New Jersey, Alabama, Florida and Missouri. An annotation collecting foreign cases on the general subject presented may be found in 29 A.L.R.2d 888.

We have considered the cases cited and have concluded that it would be pointless to

extend this opinion by detailed discussion of them. It is apparent that the statutory provisions relating to eminent domain of the particular state involved are largely responsible for the results reached in these cases and, therefore, it is necessary that we consider the problem in the light of the Kentucky Statutes which are peculiar to the problem presented and contribute, in large measure, to the result reached.

KRS 177.086(2)(c) authorizes the county court judgment which was made and entered in this case and was to the extent of payment of compensation carried into effect prior to the destruction of the insured property. It authorizes the condemnor to take possession of the property which is the subject of the condemnation action and further authorizes eviction of the owner from such property upon the payment of the county court award.

KRS 177.087(6) authorizes conveyance of the title by action of the circuit court upon determination of an appeal. It is undisputed, in the instant case, that the pending appeal to the circuit court was confined only to the issue of the amount of compensation to be paid for the taking, and the right of the condemnor to pay the county court award and take possession of the property was unaffected by this appeal.

Thus, it appears that prior to the destruction of the property, appellant had been paid an amount of money which represented a judicial determination of the fair market value of the insured property. This judicial determination was subject to appeal as to its amount, but it is also true that appellant was entitled to and was assured by operation of law that she would receive a judicially determined amount of money representing the fair market value of the property insured.

■ Insurable interest is that interest in the subject matter insured by virtue of which the person insured will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction or injury by the happening of the event insured against. See Crabb v. Calvert Fire Insurance Company, Ky., 255 S.W.2d 990. Also see KRS 304.651(2).

Since appellant had received a judicially determined amount of money representing the fair market value of the property prior to its destruction or loss and was not entitled to possession of the property at the time of its loss, then it would appear that she did not have an insurable interest in the property unless the condemnor had the right to abandon the condemnation proceedings and recover back from her that which it had paid and she had accepted, or refused to pay a higher award which might be assessed by later judicial proceedings.

■ It is the settled law in this state that a condemnor may abandon a condemnation proceeding, in the absence of a statutory prohibition, at any time, even after judgment, so long as possession has not been taken or the award paid. See Commonwealth, Department of Highways v. Fultz, Ky., 360 S.W.2d 216; Commonwealth, Department of Highways v. Holloman, Ky., 390 S.W.2d 666; Handy v. City of Hazard, Ky., 408 S.W.2d 455.

■ We are of the opinion that the use of the word "award" in our cases just cited has reference to either the "award" in the county court or the amount determined by a judgment of circuit court if a county court award has not been previously paid. In other words, once the condemnor pays its right to abandon the condemnation proceedings ceases. Cf. Kentucky Hydro–Electric Co. v. Woodard, 216 Ky. 618, 287 S.W. 985; Knox Fiscal Court v. Phipps, Ky. 261 S.W.2d 441.

We have carefully considered all of the cases cited by appellant and it appears that in each case on which she relies the facts showed either that no award had been paid by the condemnor or the condemnor, by reason of the particular eminent domain statutes of the jurisdiction involved, was

**344**

not irrevocably committed to take the property at the time of its destruction. In the case of Heidisch et al. v. Globe Republic Insurance Company of America, 368 Pa. 602, 84 A.2d 566, 29 A.L.R.2d 884, on which appellant places principal reliance, at the time of the destruction of the property the condemnor had neither paid compensation for the property nor taken possession of it.

■ It is, therefore, our opinion that at the time of the destruction of the property insured in the instant case, the condemnor did not have the right to abandon these condemnation proceedings and appellant had been paid the amount of the county court award which divested her of the right of possession but assured her of receiving a judicially determined amount of money for the property representing its fair market value. Under this state of the case, appellant, of course, did not have an insurable interest in the property and the risk of the destruction of such property at the time of its loss was on the condemnor.

■ We cannot accept the argument of the Commonwealth of Kentucky, Department of Highways, that it was an indispensable party to this action. The action was upon a policy of insurance to which it was not a named party. The only issue raised by the pleadings and proof was whether or not appellant was entitled to recover upon her contract of insurance with appellee.

Therefore, the Commonwealth of Kentucky, Department of Highways, did not meet the requirements prescribed for indispensable parties to litigation. See Clay, CR 19.01, pages 317–319. It is elementary that as the Commonwealth was not a party to this action, it is not bound by the judgment herein nor are its rights prejudiced.

The judgment is affirmed.

All concur.