**AETNA INSURANCE COMPANY,**
Appellant,

v.

**Charles SNIDER et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 15, 1968.

As Modified on Denial of Rehearing
Feb. 14, 1969.

Malcolm Y. Marshall, William D. Lambert, Ogden, Robertson & Marshall, Louisville, for appellant.

Harold Y. Saunders, Ralph Mitchell, Saunders & Mitchell, H. B. Kinsolving, III, Lucien L. Kinsolving, Kinsolving & Kinsolving, Shelbyville, for appellees.

WADDILL, Commissioner.

The primary issue to be resolved on this appeal is whether Charles Snider, who had procured a fire insurance policy on certain property which was subsequently destroyed by fire, had the requisite insurable interest in the destroyed property. The trial court answered in the affirmative and entered judgment accordingly. However, the insurance company which issued the policy is claiming that the trial court based its finding and conclusion on insufficient, incompetent and prejudicial evidence.

This action was instituted by the appellee, Charles Snider, to recover $3500.00 allegedly due under a fire insurance policy which the appellant, Aetna Insurance Company (hereinafter referred to as Aetna), had issued on a building that was destroyed by fire while occupied by Snider. Snider alleged in his complaint that he held the building under a twenty year lease, which had been in effect for ten years. The Western District Warehousing Corporation (hereafter called Western) was made a party defendant.

Western filed an answer alleging, in effect, that it was the owner of the subject property; that when it purchased the property there was in existence a contract between Snider and Western's predecessor in title which leased the property to Snider for some period of time and authorized Snider to construct a building thereon to be used as a restaurant; and that because of its ownership of the property, it was entitled to one-half of the proceeds of the fire insurance that Snider recovered from Aetna.

Aetna by answer admitted that it had issued to Snider a fire insurance policy on the building that was destroyed by fire, but it denied Snider's allegations and specifically stated at the time of the fire he did not have an insurable interest in the building as required by the provisions of KRS 304.651 hereafter set forth.

Snider and Western agreed that each of them was entitled to one-half of the insur-

ance proceeds that Snider recovered from Aetna. All parties agreed that Snider had procured a fire insurance policy from Aetna on January 8, 1964, which provided $3500.00 coverage on a certain building if destroyed by fire.

At the trial the insurance policy was introduced in evidence. Neither Western nor Aetna presented any evidence. Snider testified that, on January 8, 1964, while he was operating a restaurant in a building he had leased, he purchased a policy which insured this building against loss by fire in the amount of $3500.00. He testified that he stayed in continuous possession of this building, operating a restaurant there until March 16, 1964, when this building was destroyed by fire.

While Snider did not introduce a written lease, he testified in pertinent part as follows:

"Q. Mr. Snider, what were you doing on January 8, 1964?

"A. I was running a restaurant up here at the New Burley Warehouse [which was the insured building].

"Q. Did you have that property leased?

"A. Yes, sir.

"Q. * * *. Now, Mr. Snider, did you stay in the continuous possession of that building, * * *, until it burned by fire?

"A. Yes, sir."

On cross-examination, Snider was asked the name of the individual with whom he had made the lease. He replied that the lease was made with one Buck White and that Buck White was then, at the time of trial, dead.

Immediately following Snider's statement that he made the lease with Buck White and that Buck White was then dead, counsel for Aetna objected to the testimony by Snider concerning the alleged lease, upon the stated ground that the provisions of the Dead Man's Statute, KRS 421.210(2), prohibit a party such as Snider from testifying for himself concerning a transaction with a person who is dead when the testimony is offered to be given. The trial court overruled the objection.

At the conclusion of Snider's testimony, his counsel closed his case and moved for a directed verdict. Counsel for Western stated that Western offered no proof. Counsel for Aetna thereupon moved for a directed verdict upon grounds (1) that there was no competent testimony that Snider had any lease of the building at any time and (2) that there was no evidence of any kind, competent or incompetent, that Snider had any interest whatever in the building at the time the fire occurred.

The court granted Snider's motion for a directed verdict and denied Aetna's motion. The court thereupon entered judgment that Snider recover $3500.00 from Aetna.

The statutes which are pertinent to a proper consideration of the basic issue presented read as follows:

"304.651 INSURABLE INTEREST, PROPERTY INSURANCES. (1) No contract of insurance on property or of any interest therein or arising therefrom shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured.

"(2) 'Insurable interest' as used in this section means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction or pecuniary damage.

"304.652 INTEREST OF THE INSURED. When the name of a person intended to be insured is specified in the policy, such insurance can be applied

**182**

only to his own proper interest. This section shall not apply to life, disability or title insurance."

In this connection we have frequently held that an insurable interest is that interest in the subject matter insured by virtue of which the person insured will derive pecuniary benefit or advantage from its preservation or will suffer pecuniary loss or damage from its destruction or injury by the happening of the event insured against. Patrick v. Kentucky Farm Bureau Mutual Ins. Co., Ky., 413 S.W.2d 340; Crabb v. Calvert Fire Insurance Company, Ky., 255 S.W.2d 990; Sandlin's Adm'x. v. Allen, 262 Ky. 355, 90 S.W.2d 350.

Snider's testimony competently established that he was in possession of and operating a business in the subject property from January 8, 1964, until the building was destroyed by fire. The legality of Snider's possession was not challenged by Western. Under these circumstances the evidence sufficiently shows that Snider would suffer a pecuniary loss if the building, the site of his business, were destroyed by fire. Hence, we conclude Snider's evidence established an insurable interest in the property.

Under the conclusion reached herein we find it unnecessary to decide the question of whether the trial court erred in overruling Aetna's objection to Snider's testimony about his lease being from a person who was dead at the time the testimony was offered.

The judgment is affirmed.

MONTGOMERY, C. J., and MILLIKEN, EDWARD P. HILL, OSBORNE and REED, JJ., concur.

STEINFELD, J., dissents because in his view it was not shown that Snider had an insurable interest in the property destroyed by fire.