Margaret Hudson BRYANT, Appellant,

v.

TRANSAMERICA INSURANCE CO., Appellee.

Court of Appeals of Kentucky.

June 16, 1978.

Discretionary Review Denied Nov. 14, 1978.

James N. Howard, Hebron, for appellant.

Mark G. Arnzen, Covington, for appellee.

Before WHITE, HOWERTON and LESTER, JJ.

WHITE, Judge.

The question presented on this appeal is whether the trial court was clearly erroneous in granting appellee's motion for summary judgment on the grounds that appellant had no insurable interest in the property at the time of loss because a previous court order had directed appellant to reconvey the property to her mother. The commissioner's conveyance did not occur until after the loss.

Appellant, Margaret Bryant, received legal title to property located at 802 Lincoln

Avenue in Breathitt County from her mother, Bessie Hudson, by deed on October 18, 1973. On October 18, 1974, Bessie Hudson brought suit in the Breathitt Circuit Court seeking to have the deed declared null and void on the grounds that she had been induced to sign the deed after false and fraudulent misrepresentations were made to her by her daughter, appellant in this action. On August 14, 1975, a hearing on the merits was held in the Breathitt Circuit Court. Midway through the hearing but before all evidence had been presented, Margaret Bryant agreed to reconvey all property involved in the suit to her mother. An order to this effect was so entered and signed by the presiding judge and plaintiff's counsel. Counsel for Margaret Bryant did not sign the order. The order provided that in the event the property was not conveyed, the Master Commissioner should execute appropriate deeds. The property was not reconveyed and on May 14, 1976, the circuit court ordered the Master Commissioner to deed the property back to Bessie Hudson, which was so done. On February 21, 1976, the property was destroyed by fire. This suit resulted when Transamerica Insurance Co. refused to pay proceeds on the loss to Margaret Bryant, who had been issued a fire protection policy on the premises in the amount of $14,000.

KRS 304.14–060 provides:

(1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss.

(2) "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

Cases prior to the passage of this statute defined insurable interest as ". . . that interest in the subject matter insured by virtue of which the person insured will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction or injury by the happening of the event insured against." *Patrick v. Kentucky Farm Bureau Mutual Insurance Co.*, Ky., 413 S.W.2d 340 (1967). Also see *Crabb v. Calvert Fire Ins. Co.*, Ky., 255 S.W.2d 990 (1953). In a case involving the present statute, the Court of Appeals again focused on the pecuniary interest involved and held that a policyholder had an insurable interest in property destroyed by fire even though that individual had no legal title to the property. His wife and brother-in-law were owners of the property but the insured and his wife conducted a business on the premises. The court also noted that the policy had been issued through a third party without inspection of the premises or inquiry into legal ownership. *Aetna Insurance Company v. Solomon*, Ky., 511 S.W.2d 205 (1974). Appellant contends pecuniary interest is not the sole factor in determining whether an "insurable interest" exists and claims an "insurable interest" on the strength of her "lawful interest" as record title holder on the date of the fire.

■ Appellant argues that since the Master Commissioner had not executed the conveyance, at the time of the fire she possessed both legal and equitable rights in the property and therefore had an "insurable interest" in the property. KRS 426.575 states: "A conveyance by a commissioner shall not pass any right, until it has been examined and approved by the court; which approval shall be endorsed on the conveyance, and recorded with it." Although we find no Kentucky cases faced with the direct issue before us, several cases addressing the question of who has an insurable interest in property before deeds have been recorded prove helpful in resolving this case. In *Cook's Adm'r. v. Franklin Fire Ins. Co.*, 224 Ky. 360, 6 S.W.2d 477 (1928), the court held that equitable title to the property had passed at the time of judicial sale and execution of bond by the purchaser, and that thereby coverage was avoided under the fire insurance policy even though no deed had been recorded at the

time of loss. In a condemnation case where payment had been made but no conveyance at the time of loss, the court held the condemnee had no insurable interest in the property. *Patrick v. Kentucky Farm Bureau Mutual Insurance Co., supra.* In both these cases, policyholders could not collect even though they were the record title holders because no insurable interest was found. At the time of loss the policyholders held legal title but equitable rights resided in another. We feel such reasoning is applicable to the case at hand. The court order of August 14, 1975, divested appellant of any beneficial interest she may have possessed in the property in question; only legal title remained in appellant and she was directed to reconvey such interest to Bessie Hudson.

"A fire insurance policy insures an 'interest in,' not the property itself." *Twin City Fire Insurance Company v. Walter B. Hannah, Inc.,* Ky., 444 S.W.2d 131 at 133 (1969). Furthermore, that "insurable interest" must exist both at the time of the making of the contract and at the time of loss. *Crabb v. Calvert Fire Ins. Co., supra.* Although appellant may have had an insurable interest at the inception of the policy, no such interest existed when the fire occurred. "There is, however, a material difference between having an insurable interest and having it insured." *Id.* Since appellant retained no insurable interest at the time of loss, KRS 304.14–060 prohibits enforcement of the insurance contract.

Appellant argues that even if the court order divests her of an insurable interest, the court order of August 14, 1975, is not binding because said order was not reached after an adjudication of the merits but was only an agreed order which appellant's counsel never signed. By not signing the order, appellant contends, she did not agree to same and therefore it is not binding as an agreed order. It is noted however that at the trial, appellant approached the presiding judge and opposing counsel, agreeing to reconvey all property in question. It was upon this action by appellant that the order was drawn and entered. The effect of an agreed order was considered in *Keach v.*

*Keach,* 217 Ky. 723, 290 S.W. 708 at 710 (1927), where the court said:

. . . the agreed or consent judgment substitutes the contract of the parties for the conclusions of the chancellor, and the consent judgment becomes final in the sense that it cannot be appealed from or impeached for error and can only be impeached by attacking the settlement itself, or by showing that it is different from the settlement.

The court elaborated further in its quotation from *Karnes v. Black,* 185 Ky. 410, 215 S.W. 191 (1919), which stated:

A judgment by consent of parties is a judgment, the provisions and terms of which are settled and agreed to by the parties to the action to be affected by it, *and it is placed upon, and becomes of record, by the consent and sanction of the court.* The court does not settle the grounds or the terms of it; it is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment; and, therefore, the court cannot amend, modify or correct it, except by the consent of all the parties to it. (emphasis added) *Keach,* 290 S.W. at 710.

At that trial, appellant offered the terms of the agreed order. Appellant made no objection to entry of the order nor sought a Rule 60.02 motion to relieve her from the judgment on grounds of mistake. Since appellant made no positive steps to relieve herself from the agreed order and in fact initiated the order, she cannot now claim such order is not binding.

The judgment is hereby affirmed.

All concur.